UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------

| | |
|---|---|
| **GALLAGHER'S NYC STEAKHOUSE FRANCHISING, INC.** | |
| **Plaintiff,** | CIVIL ACTION NO. _____ |
| v. | |
| **NY STEAKHOUSE OF TAMPA, INC., JAMES TULLY AND MITCHELL J. WALKER,** | |
| **Defendants** | |

## COMPLAINT

Plaintiff Gallagher's NYC Steakhouse Franchising, Inc. ("Gallagher's"), for its Complaint against Defendants NY Steakhouse of Tampa, Inc. ("Gallagher's Tampa"), James Tully ("Tully") and Mitchell J. Walker ("Walker"), (with Gallagher's Tampa, Tully and Walker being collectively referred to herein as "Defendants"), states as follows:

### NATURE OF THE ACTION

1. This civil action is brought by a franchisor against a former franchisee and its guarantors pursuant to a Franchise Agreement that was terminated as a result of the former franchisee's repeated failure to pay monthly royalties due under the Franchise Agreement. The franchisor brings this action to enforce its termination of the Franchise Agreement and to seek damages from the franchisee and its personal guarantors for unpaid royalties and other fees due under the Franchise Agreement.

## THE PARTIES

2. Plaintiff Gallagher's NYC Steakhouse Franchising, Inc. ("Gallagher's") is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 228 West 52nd Street, New York, New York 10019.

3. Upon information and belief, Defendant Gallagher's Tampa is a Florida corporation, whose principal address is 12880 Commodity Place, Tampa, Florida 33623.

4. Upon information and belief, Defendant Tully is an individual resident of Florida and may be served at 12880 Commodity Place, Tampa, Florida 33626.

5. Upon information and belief, Defendant Walker is an individual resident of Florida and may be served at 1200 N. Westshore Blvd., Tampa, Florida 33607.

6. On August 29, 2006, Defendants Tully and Walker each signed personal guarantees, whereby each agreed to guarantee Gallagher's Tampa's obligations under the Franchise Agreement, including without limitation, Gallagher's Tampa's obligation to pay continuing royalties and other fees to Gallagher's.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over all claims pursuant to 28 U.S.C. §1332(a) as there is diversity jurisdiction between the parties. The plaintiff and defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Venue is proper in this judicial district, pursuant to 28 U.S.C. §1391(a) because (a) plaintiff's principal place of business is located in this judicial district and (b) Defendants are subject to personal jurisdiction in this judicial district.

## THE GALLAGHER'S FRANCHISE SYSTEM

9. Through the expenditure of time, skill, effort and money, Gallagher's has developed a proprietary system (the "Gallagher's System" or the "System") for developing, opening and operating businesses ("Gallagher's Businesses") that operate restaurants specializing in retail sale of full service steakhouse meals in a first-class sit-down environment and in non-fast-food style; of "take out" food; of catering services and of catered food and beverages; of food items; and, of related services and products ("Gallagher's Restaurants").

10. The Gallagher's System includes systems and techniques for the operation of a restaurant business; food and beverage preparation, service and storage; procedures; recipes and ingredients; menus; methods and techniques for offering and selling food and beverage products; special techniques for display, merchandising and marketing of food products; operating procedures for sanitation and maintenance; marketing methods; market research; management assistance; operations and administrative system; promotional programs; advertising; training programs; business and reporting forms; bookkeeping and accounting materials and techniques; management and control systems; standards of interior and exterior design and décor; integrated use of computer software and hardware; equipment specifications; and, in general, a style, system and technique of restaurant operation and procedure developed through Gallagher's' business experience.

11. Gallagher's owns, or is licensed to use, the trademark, service mark and trade name "GALLAGHER'S," related emblems, designs, labels, signs and symbols appearing on or used in connection with the Business and Restaurant; various copyrighted materials; and, other intellectual property, all of which are associated with the operation of an authentic Gallagher's Restaurant.

12. "GALLAGHER'S" is a federally registered trademark licensed to Gallagher's by an affiliate, on file with the United States Patent and Trademark Office Principal Register, registration No. 1,570,546, registered on October 5, 1988.

13. Gallagher's, directly and through its franchisees, has extensively used and publicized the aforementioned trademarks and service marks in interstate commerce throughout the United States in connection with the operation of Gallagher's Restaurants, and by virtue of that extensive use and publicity, the public has come to associate and identify the Restaurants, when operated in connection with the trademark and service mark, as originating with Gallagher's and its authorized franchisees.

14. Gallagher's and its predecessors have operated Gallagher's Restaurants under the "GALLAGHER'S" name, trademarks and service marks since 1927.

15. As a result of its long standing and well publicized use of the "GALLAGHER'S" name and trademarks, the name "GALLAGHER'S" has been closely associated and identified by the public with GALLAGHER'S and its franchisees, and has come to symbolize the substantial and valuable goodwill of Gallagher's and its franchisees.

### THE PARTIES' GALLAGHER'S FRANCHISE AGREEMENT AND RELATED AGREEMENTS

16. On August 29, 2006, Gallagher's and Gallagher's Tampa entered into a Franchise Agreement for the operation of a Gallagher's Steakhouse restaurant at 615 Channelside Drive, Tampa, Florida (the "Franchise Agreement").  (A true and correct copy of the Franchise Agreement is attached to this Complaint as Exhibit A.)

17. Defendants Tully and Walker each signed personal guarantees, whereby each agreed to absolutely and unconditionally guarantee the payment of all amounts and the performance of all of the covenants, terms, conditions and agreements and undertakings set forth

in the Franchise Agreement, and any other agreements between Gallagher's and Gallagher's Tampa. A true and complete copy of the Guarantees are annexed hereto as Exhibit B.

18. Pursuant to the Franchise Agreement, and in consideration of Gallagher's grant to Gallagher's Tampa of a license to use Gallagher's Proprietary Marks and system, Gallagher's Tampa agreed to pay Gallagher's a monthly Continuing Royalty equal to 5% of its prior month's gross sales. *Franchise Agreement*, §5.02.

19. In addition, Gallagher's Tampa also agreed to pay to Gallagher's interest on any amounts due to it under the Franchise Agreement at the rate of 4% above the prime rate of interest on the first day of each month that an amount is past due, as published in The Wall Street Journal. *Franchise Agreement*, §5.08.

20. The parties' Franchise Agreement provides Gallagher's the right to terminate the Franchise Agreement, on fifteen (15) days written notice, as a result of Gallagher's Tampa's default of the Franchise Agreement. *Franchise Agreement* §18.03.

21. Under the Franchise Agreement, Gallagher's Tampa's failure to make payment of any overdue Continuing Royalties, after receipt of notice of default and an opportunity to cure, is deemed to constitute franchisee's willful and wrongful breach of the Franchise Agreement and franchisee's decision to reject and terminate the Franchise Agreement, and all related agreements. *Franchise Agreement*, §18.04.

22. The parties' Franchise Agreement also provides that Gallagher's Tampa shall immediately pay to Gallagher's, upon the effective date of termination of the Franchise Agreement, all past due royalty fees, interest, and other amounts owned to Gallagher's which are then unpaid. *Franchise Agreement*, 19.01.

23. The Franchise Agreement further provides that upon the termination of the Franchise Agreement, Gallagher's Tampa shall: (i) discontinue its use of the proprietary marks and cease to operate or do business under any name or any manner which might tend to give the general public the impression that it is operating a Gallagher's Restaurant, or any business similar thereto; (ii) discontinue its use in any manner, or for any purpose, directly or indirectly, any of franchisor's proprietary information, trade secrets, procedures, forms, techniques, know-how or materials acquired by franchisee by virtue of their franchise relationship; (iii) discontinue its use of the "Gallagher's" name, trademark, service mark in any fashion, including without limitation, on any signs, marketing materials, telephone directory listings; (iv) cancel any assumed name or equivalent registration which contains the proprietary mark "GALLAGHER'S"; (v) immediately deliver to franchisor all manuals and confidential information furnished to franchisee, and all other documents which bear the franchisor's proprietary marks or relate to the operation of the Gallagher's Business; (vi) cease and desist from using the telephone number listed in the telephone directory under the name Gallagher's. *Franchise Agreement*, §19.01-07.

24. The parties' Franchise Agreement also provides that Gallagher's Tampa shall, upon termination of the Franchise Agreement, immediately and strictly comply with the post-termination covenants not to compete set forth in Article 14 of the Franchise Agreement. *Franchise Agreement*, §19.01.

## **DEFENDANTS' DEFAULTS AND OTHER WRONGFUL CONDUCT**

25. Pursuant to the Franchise Agreement, Gallagher's Tampa began operating the franchised Gallagher's Restaurant business in 2006.

26. Under §5.02 of the Franchise Agreement, Gallagher's Tampa's was required to pay a monthly Continuing Royalty in the amount of 5% of its prior month's gross sales.

27. Gallagher's Tampa has breached §5.02 of the Franchise Agreement by failing to pay monthly Continuing Royalties in the amount of 5% of its gross sales, despite repeated demands for payment.

28. As a result of Gallagher's Tampa's repeated failure to pay required monthly Continuing Royalties, the Franchise Agreement was terminated effective November 17, 2010. At the time of the termination, the total amount of unpaid royalties plus interest was in excess of $100,000.

29. In order to afford Gallagher's Tampa an opportunity to wind down its business and service its customers through the holiday season, Gallagher's agreed to enter into a short term franchise agreement to permit Gallagher's Tampa to operate its restaurant through January 2, 2011.  Gallagher's Tampa paid an initial fee of $12,500 which was to be applied against the 5% Continuing Royalty that Gallagher's Tampa would owe to Gallagher's for the gross sales generated between November 17, 2010 through January 2, 2011.

30. The total amount of unpaid Continuing Royalties from April 2009 through January 2, 2011 is in excess of $106,000 plus agreed upon interest.

**FIRST CLAIM FOR RELIEF**
**(Breach of Franchise Agreement)**

31. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-30 as though fully set forth herein.

32. Gallagher's has fully performed its obligations under the Franchise Agreement.

33. Gallagher's Tampa has breached the Franchise Agreement by, *inter alia*, failing to pay Gallagher's the monthly Continuing Royalties and other charges due and owing to Gallagher's since April 2009.

34. As a result of Gallagher's Tampa's multiple breaches of the Franchise Agreement, the Franchise Agreement was terminated effective November 17, 2010.

35. Pursuant to §§5.02, 5.09 and 29.01 of the Franchise Agreement, Gallagher's is entitled to payment of 5% of Gallagher's Tampa's monthly gross sales, interest at a rate of prime plus 4% and costs and reasonable attorneys' fees.

36. Gallagher's is entitled to judgment on all amounts owed to it by Gallagher's Tampa under the Franchise Agreement.

## SECOND CLAIM FOR RELIEF
### (Breach of Guarantees)

37. Plaintiff repeats and reallages each and every allegation set forth in paragraphs 1-36 as though fully set forth herein.

38. Defendants Tully and Walker agreed to guaranty all of Gallagher's Tampa's obligations under the Franchise Agreement, including the obligation to pay monthly Continuing Royalties.

39. Defendants Tully and Walker have refused to pay the amount of the outstanding monthly Continuing Royalties owed to Gallagher's under the Franchise Agreement and the guarantees.

40. Gallagher's is entitled to judgment on all amounts owed to it by Defendants Tully and Walker, including interest, costs and reasonable attorneys' fees.

### THIRD CLAIM FOR RELIEF
### (Unjust Enrichment)

41. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-40 as through fully set forth herein.

42. Pursuant to §5.02 of the Franchise Agreement, Gallagher's Tampa was obligated to pay monthly Continuing Royalties on a monthly basis for the franchise granted by Gallagher's for the operation of a Gallagher's Steakhouse in Tampa, Florida.

43. Defendants have operated the Restaurant under the name "Gallagher's" without paying monthly Continuing Royalties to Gallagher's.

44. Defendants have been unjustly enriched by their use and benefit from the Gallagher's name and trademarks without paying monthly Continuing Royalties.

### FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment)

45. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-44 as through fully set forth herein.

46. Pursuant to 28 U.S.C. §2201-2202, this Court has jurisdiction to determine disputes between Gallagher's and defendants concerning the parties' obligations and performance under the Franchise Agreement.

47. A dispute currently exists between the parties as to whether the parties have properly discharged their respective duties and obligations under the Franchise Agreement

48. Gallagher's requests that the Court declare that Gallagher's has fulfilled or otherwise discharged its obligations under the Franchise Agreement, and that the Franchise Agreement was properly terminated by Gallagher's, effective November 17, 2010, subject to the

parties' continuing obligations to comply with the post-termination requirements set forth therein.

WHEREFORE, Gallagher's demands judgment against the Defendants as follows:

1. Awarding plaintiff damages in the amount of past due monthly Continuing Royalties plus interest.

2. Awarding plaintiff its costs, expenses and reasonable attorneys' fees incurred in connection with this action, as authorized by the parties' Franchise Agreement.

3. Awarding plaintiff such other and further relief as to this Court may seem just and proper.

DATED this 2nd day of March, 2011

Respectfully submitted,

_____

David W. Oppenheim (DO 7125)
Kevin M. Shelley (KS 8149)
Kaufmann Gildin Robbins
& Oppenheim LLP
777 Third Avenue, 24th Floor
New York, New York  10017
Tel. (212) 755-3100
Fax (212) 755-3174