USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/29/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
GALLAGHER'S NYC STEAKHOUSE        :
FRANCHISING, INC.,                :
                                  :
               Plaintiff,         :    11 Civ. 1456 (THK)
                                  :
     -against-                    :
                                  :    MEMORANDUM OPINION AND
                                  :           ORDER
NY STEAKHOUSE OF TAMPA, INC.,     :
JAMES TULLY, AND MITCHELL J.      :
WALKER,                           :
               Defendants.        :
                                  :
----------------------------------X

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

On December 5, 2011, this Court granted Plaintiff Gallagher's New York City Steakhouse Franchising, Inc. ("Gallagher's") summary judgment, awarding Plaintiff damages in the amount of $106,393.27, plus interest in the amount of $11,774.57, plus reasonable attorneys' fees. See Gallagher's NYC Steakhouse Franchising, Inc. v. NY Steakhouse of Tampa, Inc. ("Gallagher's"), No. 11 Civ. 1456 (THK), 2011 WL 6034481 (S.D.N.Y. Dec. 5, 2011). The Court withheld entry of judgment, directing Plaintiff to submit documentation to enable the Court to determine the reasonableness of the requested attorneys' fees. In the same Opinion and Order, the Court denied Defendants New York Steakhouse of Tampa, Inc. ("Tampa Gallagher's"), James Tully ("Tully"), and Mitchell J. Walker's ("Walker") motion for leave to amend the Answer to assert counterclaims. See id. at *7-9.

Presently before the Court is Defendants' motion seeking reconsideration of the Court's Order denying Defendants leave to amend the Answer. In addition, Plaintiff has submitted the Declaration of Kevin M. Shelley, which provides documentation of the attorney time and expenses associated with representing Plaintiff in this matter. Each party opposes the other's application.

For the reasons that follow, the motion for reconsideration is denied, and attorneys' fees and costs are awarded to Plaintiff in the amount of $40,693.65.

**BACKGROUND**

The facts underlying this action are discussed in detail in this Court's December 5 Opinion and Order, familiarity with which is assumed. The Court reiterates only those facts necessary to the disposition of the instant motion for reconsideration.

On August 29, 2006, Gallagher's and Tampa Gallagher's entered into a Franchise Agreement for the operation of a Gallagher's Steakhouse in Tampa, Florida. In conjunction with the Franchise Agreement, Tully and Walker signed a personal guarantee. Gallagher's terminated the Franchise Agreement, in November 2010, based on Tampa Gallagher's failure to pay continuing royalties as

required by the Franchise Agreement.[1] Gallagher's filed the instant action for breach of contract and breach of the personal guarantee on March 3, 2011, seeking damages in the amount of the past-due continuing royalties.

On August 19, 2011, this Court issued a Scheduling Order that required any motions to amend the pleadings to be filed by September 19, 2011. (See Order, dated Aug. 19, 2011.) On October 12, 2011, after completion of pretrial discovery, Plaintiff filed a motion for summary judgment. On November 2, 2011, nearly two months after the deadline for amending the pleadings, Defendants filed a motion to amend the Answer to add several counterclaims related to Gallagher's alleged breach of the Franchise Agreement. Defendants' motion was not based on newly discovered information; in fact, Defendants had been aware of the facts underlying the proposed counterclaims since October 2010. (See Defendants' Motion for Leave to File Amended Answer and Counterclaim Instanter ("Motion to Amend") at 2; Answer at 4 ¶ 9.) Nevertheless, Defendants argued that good cause existed to grant leave to amend because Defendants had sought to save the expense and effort of filing their counterclaims until settlement of this action proved

---

[1] Gallagher's and Tampa Gallagher's entered into a limited term franchise agreement in November 2010, which allowed for the continued operation of the Tampa Gallagher's restaurant through January 2, 2011.

3

futile and Plaintiff would not be prejudiced because it was aware of the counterclaims. (See Motion to Amend at 3.)

In the December 5 Opinion, the Court found that Defendants had failed to establish good cause for their proposed untimely amendment of the Answer because Defendants were not diligent in pleading the counterclaims and Plaintiff would suffer prejudice if leave were granted because discovery had not been taken on the counterclaims and the discovery deadline had passed. See Gallagher's, 2011 WL 6034481, at *8. The Court further noted that the counterclaims appeared to have little chance of success on the merits. See id. at *8-9.

Defendants now move for reconsideration of the Court's denial of Defendants' motion to amend the Answer. They contend that the Court labored under "factual misimpressions" when it issued the Order, and that good cause exists such that the Court must grant Defendants' motion.

## DISCUSSION

I.  Motion for Reconsideration

   A.  Legal Standard

Motions for reconsideration are governed by Local Civil Rule 6.3 of the Southern District of New York ("Local Rule 6.3"). Local Rule 6.3 provides that a motion for reconsideration of a court

order must be served with "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Local Rule 6.3. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); accord Cohen v. Federal Express Corp., No. 07 Civ. 01288 (RJH) (THK), 2007 WL 1573918, at *4 (S.D.N.Y. May 24, 2007); see also Jones v. Donnelly, 487 F. Supp. 2d 418, 419 (S.D.N.Y. 2007) (holding that reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources") (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). Reconsideration is not a "second bite at the apple" for a party dissatisfied with a court's ruling, see Fesco Ocean Mgmt. Ltd. V. High Seas Shipping Ltd., No. 06 Civ. 1055 (NRB), 2007 WL 1406624, at *1 (S.D.N.Y. May 9, 2007) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)), nor is it an opportunity to "advance new facts, issues, or arguments not previously presented to the court," Frierson-Harris v. Hough, No. 05 Civ. 3077 (DLC), 2007 WL 1343843, at *1 (S.D.N.Y. May 8, 2007) (quoting Shamis v. Ambassador

5

Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999)). "A motion for reconsideration may not treat 'the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.'" Frierson-Harris, 2007 WL 1343843, at *1 (quoting Questrom v. Federated Dep't Stores, Inc., 192 F.R.D. 128, 131 (S.D.N.Y. 2000)). "The sole function of a proper motion for reconsideration is to call to the Court's attention dispositive facts or controlling authority that were plainly presented in the prior proceedings but were somehow overlooked in the Court's decision; in other words, an obvious and glaring mistake. Motions for reconsideration allow the district court to correct its own mistakes, not those of the [p]arties." Levin v. Gallery 63 Antiquest Corp., No. 04 Civ. 1504 (KMK), 2007 WL 1288641, at *2 (S.D.N.Y. Apr. 30, 2007)(internal quotation marks, citations, and parentheticals omitted).

B.  Application

Defendants do not contend that the Court overlooked controlling authority; rather, Defendants argue that reconsideration is proper in this case because "the Opinion rests on factual misimpressions as to whether Defendants have good cause to seek leave to plead the proposed counterclaim." (Defendants' Motion for Reconsideration ("Mot.") at 1.)  For substantially the

6

reasons articulated more fully in Plaintiff's Opposition to Defendants' Motion for Reconsideration ("Pl.'s Opp'n"), this Court denies Defendants' request for reconsideration.

In brief, Defendants have failed to meet their burden under Local Civil Rule 6.3. Specifically, Defendants have failed to identify any dispositive facts overlooked by the Court that "might reasonably be expected to alter the conclusion reached by the [C]ourt." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Defendants contend that the Court "misunder[stood] the situation" when it concluded that Defendants did not demonstrate diligence in asserting their counterclaims. However, Defendants do not point to any facts suggesting that the Court's conclusion was incorrect. Instead, Defendants reiterate the expense they would have incurred had they timely filed the counterclaims. This argument was asserted in Defendants' original motion (see Motion to Amend at 3-4); it was not overlooked by the Court, see Gallagher's, 2011 WL 6034481, at *8; and it does not establish diligence on Defendants' part or good cause for failing to comply with the Court-ordered deadline for amending the pleadings.

Moreover, Defendants have failed to identify facts overlooked by the Court in determining that Plaintiff would suffer prejudice if Defendants were granted leave to amend. Defendants assert that the Court's conclusion on prejudice was based on a "misimpression

7

that Plaintiff was unaware of Defendants' counterclaim until November 2, 2011." (Mot. at 2.) Defendants are incorrect. The Court did not make a finding as to whether Plaintiff had knowledge of the counterclaims, and, instead, found that Plaintiff would suffer prejudice because "Plaintiff did not have the opportunity to obtain discovery on the counterclaims, and the discovery deadline has now passed. Granting Defendants' motion would require reopening discovery on a different set of facts than those in the present pleadings. This would significantly delay resolution of this dispute." Gallagher's, 2011 WL 6034481, at *8.[2]

As Defendants have failed to demonstrate dispositive facts overlooked by the Court in its December 5 Opinion denying Defendants leave to amend, Defendants' motion for reconsideration is denied.

---

[2] Defendants also claim that the Court's "findings" on the apparent futility of the proposed counterclaims were "based on misimpressions. . . ." (Mot. at 3-4.) Whatever observations the Court may have made about the apparent futility of the proposed counterclaims were not dispositive factors underlying the Court's decision to deny Defendants leave to amend. The Court's findings that Defendants were not diligent in asserting the counterclaims and failed to show good cause for their delay were grounds enough for denying Defendants' motion. See Presbyterian Church of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 267-68 (2d Cir. 2009) (upholding district court's denial of leave to amend solely on "good cause" grounds without reviewing the court's conclusion on futility); Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000) (discussing the primacy of diligence in the good cause analysis).

II. <u>Attorneys' Fees</u>

In its December 5 Opinion, the Court determined that the Franchise Agreement unambiguously provided for the award of attorneys' fees to Gallagher's if it prevailed in the action. <u>See id.</u> at *7. Having granted Plaintiff summary judgment, the Court determined that Plaintiff was entitled to reasonable attorneys' fees and directed Plaintiff to submit contemporaneous records supporting the requested fees. <u>See id.</u> Plaintiff submitted the Shelley Declaration in response and requested $51,913.50 in attorneys' fees and $1,583.94 in expenses. (<u>See</u> Shelley Decl. ¶¶ 6-7.) Defendants argue that some of the requested fees Plaintiff seeks were incurred before the initiation of the litigation. Specifically, Defendants object to Plaintiff's inclusion of fees related to Plaintiff's termination of the Franchise Agreement with Defendants, in the amount of $15,700.19.

A. <u>Legal Standard</u>

"Under New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action to enforce the contract is enforceable if the contractual language is sufficiently clear." <u>NetJets Aviation, Inc. v. LHC Commc'ns, LLC</u>, 537 F.3d 168, 175 (2d Cir. 2008) (citations omitted). However, "[b]ecause promises in a contract to indemnify the other party's attorney's fees run against the grain of the accepted policy that

9

parties are responsible for their own attorneys' fees, . . ., courts applying New York law should not infer a party's intention to provide counsel fees as damages for breach of contract unless the intention to do so is unmistakably clear from the language of the contract." Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp., 418 F.3d 168, 177 (2d Cir. 2005) (internal quotation marks and citations omitted). Accordingly, contract clauses providing for indemnification of attorneys' fees must be narrowly interpreted. See id. at 177; Hooper Assocs., Ltd. v. AGS Computers, Inc., 74 N.Y.2d 487, 491, 549 N.Y.S.2d 365, 367 (1989)("When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed.") (citations omitted).

B.  Application

Here, the plain language of the attorneys' fees provision indicates that Plaintiff is only entitled to fees relating to litigation to enforce the contract. The provision specifically provides that Gallagher's may only recover "reasonable attorneys' fees, experts' fees, court costs, and *all other expenses of litigation*, if [Gallagher's] prevail[s] in any action instituted against [Tampa Gallagher's] to secure or protect [Gallagher's] rights under this Agreement . . . ." (See Franchise Agreement ¶

29.01) (emphasis added). The language of the contract fails to include pre-litigation costs as recoverable. Accordingly, the Court construes the provision to permit only recovery of the fees and expenses incurred in litigating the present action. See Hooper Assocs. Ltd., 74 N.Y.2d at 491-92, 549 N.Y.S.2d at 367 (finding that promises for indemnification of attorneys' fees "should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances"). Plaintiff, therefore, is not entitled to attorneys' fees incurred in terminating the Franchise Agreement with Defendants or in entering into the limited term franchise agreement with Defendants.

Having reviewed the attorney billing statements attached to the Shelley Declaration, the Court finds that the hourly rates, hours expended, and costs incurred were reasonable. Counsel for Gallagher's had five different attorneys work on this matter, each charging a different hourly rate based on relative experience. (See Shelley Decl. ¶ 6.)[3] Counsel kept contemporaneous time records of the labor expended on this matter, documenting the tasks performed and the time spent by each attorney on each task. (See

---

[3] The hourly rates range between $275 per hour and $600 per hour, but only 1.4 hours were billed at the $600 rate. The vast majority of the work was billed at rates ranging between $300 and $450.

11

Ex. A.) Time expended was recorded to the tenth of an hour. (See id.) The amount of time expended on each task was reasonable.

Plaintiff provides time and cost records from two different accounts: the 1193-02M account, a general account that predated the current litigation, and the 1193-05M account, which was created specifically for this litigation. (See Shelly Decl. ¶ 5.) Although some of the labor and costs recorded in the 1193-02M account pertain to the current litigation and, accordingly, are recoverable, several of the entries are unrelated. The Court finds that from the 1193-02M account, Plaintiff is entitled to the fees incurred in 2010 on November 9 ($400), November 11, November 16, November 17 ($120), November 19 ($320), and December 9, and in 2011 on February 14, April 5, June 29, June 30, and July 7, which total $4,010. In addition, Plaintiff is entitled to all of the fees and expenses incurred on the 1193-05M account, which total $35,601 and $1,082.65 respectively. In total, Plaintiff is entitled to attorneys' fees and costs in the amount of $40,693.65.

## CONCLUSION

For the reasons set forth above, Defendants' motion for reconsideration is denied, and Plaintiff is entitled to attorneys' fees in the amount of $40,693.65. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendants in

12

the total amount of $158,861.49, consisting of $106,393.27 in damages, $11,774.57 in interest, and $40,693.65 in attorneys' fees and costs.

      So Ordered.

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: December 29, 2011
       New York, New York